IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARA BRODMAN,<br><br>Plaintiff<br><br>vs.<br><br>FRANK BISIGNANO, Commissioner of the Social Security Administration,<br><br>Defendant | CASE NO. 3:24:CV-0139<br><br>RICHARD A. LANZILLO<br>CHIEF UNITED STATES<br>MAGISTRATE JUDGE<br><br>IN RE: ECF NOS. 10, 14<br><br>MEMORANDUM OPINION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT |

I.   Introduction

Cara Brodman ("Plaintiff") filed an amended complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration[1] ("Commissioner") as to her application for a period of disability, disability insurance benefits "DIB"), and supplemental security income ("SSI"). ECF No. 2. Having reviewed the administrative record, the briefs of the parties, and the applicable law, the Commissioner's decision will be affirmed.[2]

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Bisignano is substituted for then Acting Commissioner Leland Dudek as the defendant in this action. *See, e.g., Skolny v. Bisignano*, 2025 WL 1462570, at *6 (M.D. Pa. May 21, 2025).

[2] The parties have consented to entry of final judgment by a United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). While the Court has determined that oral argument is unnecessary given the extensive record in this case and the parties' comprehensive and well-crafted briefs. *See, e.g., Hartzog v. Berryhill*, 2019 WL 4534167, at *1 (W.D. Pa. Sept. 19, 2019).

1

II.     Background

Plaintiff filed her applications for a period of disability, disability insurance benefits, and supplemental security income on February 2, 2022, alleging disability beginning on February 2, 2020. The Social Security Administration ("SSA") denied the claims initially and on reconsideration. Following a hearing, Administrative Law Judge ("ALJ") Julianne Hostovich issued an unfavorable decision on November 22, 2023. The Appeals Council denied Plaintiff's request for review, and this timely appeal followed. *See* 42 U.S.C. §§ 405(g), and 1383(c)(3).

After the filing of the administrative record, the Plaintiff and the Commissioner each moved for summary judgment. *See* ECF No. 10; ECF No. 14. The motions have been briefed and are now ripe for disposition.

III.    Standard of Review

When reviewing a final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see also Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). But in reviewing the Commissioner's final decision denying a claimant's application for benefits, this Court's review is limited to the question of whether substantial evidence supports the findings of the final decision maker. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008). Put another way, the Commissioner's decisions regarding questions of fact are deemed conclusive by a reviewing court as long as they are supported by "substantial evidence" in the record. 42 U.S.C. § 405(g); *see also Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). Substantial evidence is defined as "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *Newhouse v. Heckler*, 753 F.2d 283, 285 (3d Cir. 1985) (citations omitted). Such evidence "is more than a mere scintilla of evidence but may be less than a preponderance." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003). *See also Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). To determine whether an ALJ's decision is supported by substantial evidence, the evidence must be reviewed in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Accordingly, a court may not set an ALJ's "decision aside if it is supported by substantial evidence, even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

IV.   The Sequential Evaluation Process

The Social Security Administration ("SSA") is authorized to pay SSI and DIB to "disabled" persons. 42 U.S.C. § 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

3

42 U.S.C. § 1382c(a)(3)(B). To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 416.920(a)-(f); *see also* 20 C.F.R. § 404.1520.4. First, the ALJ determines whether the claimant has shown he or she is not currently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), (b); *see also Bowen v. Yuckert,* 482 U.S. 137, 140 (1987). If a claimant is presently engaged in any form of substantial gainful activity, he or she is automatically denied disability benefits. *Id.* Second, the ALJ determines whether the claimant has demonstrated a "severe impairment" or "combination of impairments" that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); *Bowen*, 482 U.S. at 140–41. Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). These activities include: (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in a routine work setting. *Id.* A claimant who does not have a severe impairment is not considered disabled. 20 C.F.R. § 404.1520(c); *see also Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

Third, if a claimant's impairment(s) is found to be severe, the ALJ then determines whether the impairment(s) meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Impairment List"). 20 C.F.R. § 404.1520(a)(4)(iii). "This inquiry functions to identify those claimants whose medical impairments are so severe they would be found disabled regardless of their vocational background, making further inquiry unnecessary." *Izalia V. v. O'Malley*, 2024 WL 4505469, at *4 (M.D. Pa. Oct. 16, 2024). If the claimant demonstrates his or

her impairment(s) is equal in severity to, or meets, one of the impairments on the Impairment List, the claimant has satisfied his or her burden of proof and is automatically entitled to benefits. *See* 20 C.F.R. § 404.1520(d); *Bowen*, 482 U.S. at 141. If the specific impairment is not listed, the ALJ will consider in his or her decision the impairment that most closely satisfies those listed for purposes of deciding whether the impairment is medically equivalent. *See* 20 C.F.R. § 404.1526. If there is more than one impairment, then the ALJ must consider whether the combination of impairments is equal to any listed impairment. *Id*. An impairment or combination of impairments is basically equivalent to a listed impairment if there are medical findings equal in severity to all the criteria for the one most similar. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir. 1992).

If the claimant is not conclusively disabled under the criteria set forth in the Impairment List, step three is not satisfied and the claimant must prove at step four whether he or she retains the Residual Functional Capacity (RFC), to perform his or her past relevant work. 20 C.F.R. §§ 404.1520(e), (f); *Bowen*, 482 U.S. at 141. Step four involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted). When determining RFC, an ALJ's consideration of medical opinion evidence is subject to the framework articulated at 20 C.F.R. § 404.1527 (for claims filed before March 27, 2017) or 20 C.F.R. § 404.1520c (for claims filed after March 27, 2017).

Claimants are not disabled if their RFC allows them to perform their past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), (f). However, if the claimant's RFC prevents him or her from

5

doing so, or if the claimant has no past relevant work, an ALJ proceeds to the fifth and final step of the process. 20 C.F.R. § 404.1520(a)(4)(g). The final step requires the ALJ to "show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and [RFC]." *Plummer*, 186 F.3d at 428; 20 C.F.R. § 404.1520(a)(4)(v). In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Plummer*, 186 F.3d at 428; 20 C.F.R. § 404.1523. Notably, an ALJ typically seeks the assistance of a vocational expert at this final step. *Plummer*, 186 F.3d at 428.

The claimant bears the burden of proof for steps one, two, and four. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Neither side bears the burden of proof for step three "[b]ecause step three involves a conclusive presumption based on the listings[.]" *Id.* at 263 n.2; *Bowen*, 482 U.S. at 146 n.5. An ALJ bears the burden of proof for step five. *Sykes*, 228 F.3d at 263.

V.   The Administrative Law Judge's Opinion

The following chart summarizes the ALJ's conclusion and record support at each step of the sequential analysis:

| Sequential Step | ALJ's Conclusion | Record Citation | Comment |
|---|---|---|---|
| Step One | Plaintiff did not engage in substantial gainful activity since the onset date of February 2, 2020. | ECF No. 8-2, p. 20 | |
| Step Two | Plaintiff had the following severe impairments: osteoarthritis, diabetes, hypertension, and obesity. Plaintiff's | ECF No. 8-2, pp. 20-21 | |

6

| Sequential Step | ALJ's Conclusion | Record Citation | Comment |
|---|---|---|---|
| | medically determinable mental impairments of major depressive disorder, generalized anxiety disorder, persistent depressive disorder, and post-traumatic stress syndrome ("PTSD") did not cause more than a minimal limitation in the Plaintiff's ability to perform basic mental work activities and thus were non-severe. | | |
| Step Three | Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. | ECF No. 8-2, p. 23 | |
| RFC Determination | Prior to step four, the ALJ evaluated Plaintiff's residual functional capacity (RFC) and concluded that Plaintiff had the RFC to perform a range of light work as defined in 20 C.F.R. 404.1567 (b) and 416.967(b) | ECF No. 8-2, p. 23 | ALJ imposed the following limitations on Plaintiff's RFC: she can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds, and occasionally stoop, kneel, crouch, crawl; never reach overhead with the bilateral upper extremities, but can frequently reach in all other directions, and can frequently handle and finger. The ALJ also concluded that the Plaintiff can have no exposure to unprotected heights. |
| Step Four | Plaintiff was unable to perform her past relevant work as a hairdresser. *Id.* p. 30. | ECF No. 8-2, p. 30 | |
| Step Five | ALJ found that considering Plaintiff's age, education, work | ECF No. 8-2, p. 31. | |

7

| Sequential Step | ALJ's Conclusion | Record Citation | Comment |
|---|---|---|---|
| | experience and RFC, Plaintiff could perform the following jobs existing in significant numbers in the national economy: ticket taker and folder. | | |

To elaborate, Plaintiff based her disability claim on both physical and mental impairments, As to the physical impairments, the ALJ determined the Plaintiff had the following: osteoarthritis, diabetes, hypertension, and obesity. *See* ECF No. 8-2, p. 21. The ALJ further concluded that those impairments were severe and significantly limited Plaintiff's ability to perform basic work activities. *Id.* However, the ALJ determined that Plaintiff's severe physical impairments did not "meet or medically equal the severity of one of the impairments" listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments"). *See* 20 C.F.R. § 416.920(a)(4)(iii). Specially, as to her osteoarthritis, the ALJ noted a lack of record evidence indicating Plaintiff needed the use of a walker, cane, or bilateral crutches. ECF No. 8-2, p. 23. Nor was there any record evidence that Plaintiff needed to use a wheeled and seated mobility device. *Id.* The ALJ further noted that medical examinations revealed that Plaintiff had a "slow but normal gait, normal stance ... and did not use an assistive device." *Id.* The ALJ also pointed out that medical records indicated Brodman did not need assistance in getting on and off the examination table and that she was able to rise from a chair without assistance. *Id.*

As to the Plaintiff's hypertensive condition, the ALJ noted that medical records revealed it to be managed with medication and that her medical provider found her blood pressure was stable. *Id.* Concerning her diabetes, the ALJ similarly referenced medical records indicating that

8

condition to be managed with medication. *Id.* Again, Plaintiff's medical provider reported that she is "making progress with her blood sugar and she had a stable A1c." *Id.* The ALJ also considered the Plaintiff's obesity. After noting that there is no specific listing for that condition, she considered whether Plaintiff's obesity in combination with any other impairment, met any Listing. *Id.* pp. 23-24. She concluded that "either alone or in combination with the claimant's other impairments, [Plaintiff's obesity] is not of listing level severity." *Id.* p. 24.

Given these findings, the ALJ determined that the Plaintiff had an RFC sufficient to perform light work.[3] Based on the testimony of a vocational expert, as well as her age, education, and work experience, the ALJ concluded that jobs exist in significant numbers in the national economy that Plaintiff could perform. *Id.* p. 31. Specifically, the ALJ determined that the Plaintiff could perform "light" work such as "ticket taker (DOT 344.667-010)" and a "folder (DOT 369.687-027)," among other jobs based in part on the testimony of the vocational expert. *Id.* at 33. Thus, the ALJ concluded that Plaintiff was not disabled. *Id.* p. 32.

The Plaintiff also alleged disability based on several mental impairments. The ALJ applies a "special technique" to evaluate mental impairments. *See, e.g., Deanna S. v. Dudek, Acting Comm'r of the Soc. Sec. Admin.*, 2025 WL 1510659, at *6 (S.D.W. Va. May 7, 2025), *report and recommendation adopted sub nom. Deanna S. v. Bisignano*, 2025 WL 1507022 (S.D.W. Va. May 27, 2025). The ALJ concluded that Plaintiff's mental impairments (major depressive disorder, generalized anxiety disorder, persistent depressive disorder, and post-traumatic stress disorder ("PTSD")) did not cause more than a minimal limitation on her ability to perform basic mental

---

[3] The ALJ did exempt the Plaintiff from any work that may involve climbing a ladder, rope, or scaffold or reaching overhead. ECF No. 8-2, p. 24. Similarly, she cannot be exposed to work conditions that require exposure to unprotected heights. *Id.* She is also limited to work which only occasionally required her to stoop, crawl, kneel, crouch. *Id.*

9

work. *Id.* The ALJ provided a detailed analysis of the relevant criteria in reaching her determination that the Plaintiff's mental impairments—considered singly and in combination—did not meet or medically equal the criteria of listings set out in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Paragraph B Criteria"). *Id.* pp. 21-23. The ALJ explained that the record showed that Plaintiff had mild limitations in all four broad functional areas of mental functioning, or "Paragraph B" criteria, but that because there were no more than mild limitations in these areas, these impairments were considered mild and nonsevere. *Id.* p. 22. Indeed, the ALJ concluded that any limitations caused by Plaintiff's mental impairments were "so slight that they do not cause any measurable loss of function in the mental ability to understand, remember, or carry out instructions, to make work related decisions, or to respond appropriately to supervisors, coworkers, usual work situations, changes in work setting, or work pressures in a work setting" *Id.* Thus, the ALJ acknowledged that the Plaintiff's mild limitations would not be reflected in her residual functional capacity assessment. The ALJ then fashioned an RFC that included no limitations for Plaintiff's mild impairments in mental functioning. *Id.*

VI.  Discussion

In her motion for summary judgment, the Plaintiff takes issue with the ALJ's determination at Step Two that her mental limitations were only mild or slight and thus, not severe. *See* ECF No. 11, p. 11. She contends that her mental impairments "would cause more than a minimal effect on [her] ability to do work related activities." *Id.* She does not challenge the ALJ's consideration of her physical impairments.

At the outset, even were the Court to accept Plaintiff's argument, the Step Two determination is a threshold analysis requiring the showing of only one severe impairment. *See Bradley v. Barnhart*, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is

10

not denied in its entirety at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe. *See Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); *Lee v. Astrue*, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); *Lyons v. Barnhart*, 2006 WL 1073076, at *3 (W.D. Pa. Mar. 27, 2006); *Gerald v. Berryhill*, 2018 WL 7364649, at *5 (M.D. Pa. Oct. 12, 2018), *report and recommendation adopted*, 2019 WL 719829 (M.D. Pa. Feb. 19, 2019). "Because the outcome of a case depends on the demonstration of functional limitations, when an ALJ identifies at least one severe impairment and ultimately properly characterizes a claimant's symptoms and functional limitations, the failure to identify a condition as severe is deemed harmless error." *Roque v. Colvin*, 2015 WL 2451758, at *19 (M.D. Pa. May 21, 2015) (citing *Salles*, 229 Fed. Appx at 145 n.2); *see also Garcia v. Comm'r of Soc. Sec.*, 587 Fed. Appx 367, 370 (9th Cir. 2014). Here, the ALJ found that the Plaintiff suffered from the severe impairments of osteoarthritis, diabetes, hypertension, and obesity and that these medically determinable impairments limited her ability to perform basic work activities. *See* ECF No. 8-2, p. 21. Thus, it does not matter whether the ALJ correctly or incorrectly found her mental impairments to be non-severe.

What matters instead is whether the ALJ properly accounted for any mental impairments in formulating the Plaintiff's RFC. She did. Although the ALJ concluded at step two—with references to the record—that Plaintiff's mental impairments were not severe, the ALJ nevertheless went on to consider, at step four of the sequential evaluation process, her anxiety and depressive symptoms as well as any alleged limitations flowing from them, explaining why those mild mental impairments warranted no functional limitations in the RFC. *See* ECF No. 8-2, pp. 27-28. Moreover, this record contains substantial evidence to support the ALJ's RFC determination. *See Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014); *Rutherford v. Barnhart*,

11

399 F.3d 546, 554 (3d Cir. 2005); *Plummer*, 186 F.3d at 429. In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996). *See also* 20 C.F.R. § 404.1545(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim." S.S.R. 96-8p at *5. Accordingly, merely because the ALJ did not find Plaintiff's mental impairments to be severe does not mean that these impairments could not still have affected her RFC. Thus, the Court interprets Plaintiff to argue that the ALJ failed to incorporate her mental limitations in her decision as an argument that the RFC was insufficient. That is not the case.

At Step Four, the ALJ specifically considered Plaintiff's mental abilities and limitations. *See* ECF No. 8-2, p. 27-28. Here, the ALJ adequately analyzed the opinion of consultative examiner Dr. Mancini, who concluded that Plaintiff had "mild limitation in ability to understand, remember, or apply information, and to adapt or manage oneself." *Id.* p. 27. Further, Mancini concluded that the Plaintiff displayed only a "moderate limitation" in an ability to "interact with others, and to concentrate, persist, or maintain pace based on listings 12.03 and 12.06 but that the claimant is able to meet the basic mental demands of complete 1-2 step tasks on a sustained basis despite the limitations resulting from her impairment." *Id.* Additionally, the ALJ reviewed the opinions of Dr. Chiampi, who determined that Plaintiff had "mild limitation" in those same abilities. *Id.* p. 28.

The ALJ determined, however, that these opinions were not well supported by the Plaintiff's mental status examination, among other reasons, and were inconsistent with her own testimony and treatment records. *Id.* pp. 27-28. The ALJ noted that the record contained Plaintiff's

own reports of symptom improvement through medication, that although she had increased symptoms after the death of her father and other family members, she was not treating with a counselor or therapist, and that she reported not using the prescription medication Klonopin with any frequency and that she was maintaining a "positive attitude and enjoying her life." *Id*. p. 28. The ALJ also reviewed the findings of a consultative mental status examiner who had concluded that the Plaintiff displayed a marked limitation in ability to understand, remember, and carry out complex instructions and to make judgments on complex work-related matters. *Id*. This evidence was considered and disregarded by the ALJ based on the treatment records of the Plaintiff's other providers. Those records demonstrated that she had an "unremarkable mental status." *Id*. Her treating physicians found her to be pleasant, alert, and displaying good eye contact. *Id*. at p. 29. She was also reported to have been well-dressed and spoke with clear speech. *Id*. Plaintiff also denied experiencing depression and admitted that her anxiety was well controlled. *Id*. This thorough analysis evidences the ALJ's reliance on sufficient evidence of record to support her conclusion that the Plaintiff was not disabled. Accordingly, the ALJ's decision that the Plaintiff is not disabled is supported by substantial evidence.

VII.    Conclusion

The ALJ's determination that the Plaintiff is not disabled is affirmed as it is supported by substantial evidence of record. An order granting summary judgment to the Commissioner and denying the same to the Plaintiff will be entered separately.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE